**Toby L. Gerber (SBT 07813700)**
**Theodore W. Daniel (SBT 05362400)**
**John N. Schwartz (SBT 00797397)**
**Ryan E. Manns (SBT 24041391)**
**FULBRIGHT & JAWORSKI L.L.P.**
**2200 Ross Avenue, Suite 2800**
**Dallas, Texas 75201-2784**
**Telephone: (214) 855-8000**
**Facsimile: (214) 855-8200**

**Counsel for TF-Harbor, LLC, as assignee of**
**Credit Union Liquidity Services, LLC**
**f/k/a Texans Commercial Capital, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 10-37084-hdh-11 |
| WHITTLE DEVELOPMENT, INC., *et al.*, § | (Jointly Administered) |
| § | |
| Debtors. § | Chapter 11 |
| § | |

### MOTION OF TF-HARBOR, LLC, AS ASSIGNEE
### OF CREDIT UNION LIQUIDITY SERVICES, LLC F/K/A TEXANS
### COMMERCIAL CAPITAL, LLC FOR LEAVE TO FILE LATE PROOF OF CLAIM

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW TF-Harbor, LLC, as assignee of Credit Union Liquidity Services, LLC, f/k/a Texans Commercial Capital, LLC ("CULS"), and hereby files this *Motion for Leave to File Late Proof of Claim* (the "Motion"), and, in support thereof respectfully shows this Court the following:

### I.
### FACTUAL BACKGROUND

1.     On October 4, 2010 (the "Petition Date"), Mariah Bay Development, Inc. (the "Debtor") and its affiliate, Whittle Development, Inc., filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

2.     Prior to the Petition Date, CULS provided financing to Mariah Bay Leasing

Corporation ("MBL"), an affiliate of the Debtor, and that financing was secured by all of MBL's assets, including a single asset real estate development in Rockwall, Texas (collectively, the "Collateral"). On February 19, 2010, MBL sought bankruptcy protection in the Northern District of Texas (Case No. 10-31171-sgj); however, MBL was not able to confirm a plan of reorganization, and the automatic stay was thereby terminated to allow CULS to foreclose on the Collateral on October 5, 2010.

3.     In conjunction with this foreclose, CULS paid all ad valorem taxes that were due and owing with respect to the Collateral. However, since that time, CULS has discovered that, on or about January 29, 2010, Cinemark (one of MBL's tenants) delivered to the Debtor a check in the amount of $171,325.94, attached hereto as Exhibit "A," and instructed the Debtor to apply that money to MBL's ad valorem taxes. In contravention of these instructions, the Debtor did not use this money for the payment of ad valorem taxes but, upon information and belief, used this money for its own benefit. CULS therefore seeks to assert a claim against the Debtor for the misappropriation of these funds.

## II.
## RELIEF REQUESTED

4.     CULS respectfully requests that the Court grant it leave to file a late proof of claim against the Debtor for the amount of $171,325.94.

## III.
## ARGUMENT AND AUTHORITIES

5.     Under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, a creditor may file a late proof of claim if the creditor's failure to file a timely claim was due to "excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(1).[1]

---

[1] Bankruptcy Rule 9006 specifically provides as follows:
(b) Enlargement.

**MOTION OF TF-HARBOR, LLC, AS ASSIGNEE OF CREDIT UNION LIQUIDITY SERVICES, LLC F/K/A TEXANS COMMERCIAL CAPITAL, LLC FOR LEAVE TO FILE LATE PROOF OF CLAIM - Page 2 of 6**
80988532.1

6. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court of the United States considered the "excusable neglect" standard of Bankruptcy Rule 9006(b)(1), and held that the late filing of a claim would be permitted if it was caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388-89. The Supreme Court further emphasized that the concept of excusable neglect is "somewhat elastic" and not limited only to situations involving circumstances beyond the movant's control, but is "at the bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission." *Id.* at 392-395.

7. The Supreme Court outlined four factors relevant to the determination of whether a party's neglect is appropriately "excusable" to allow late filings under Bankruptcy Rule 9006(b)(1): (a) the danger of prejudice to the debtor; (b) the length of the delay and its potential impact on judicial proceedings; (c) whether the movant acted in good faith; and (d) the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Fifth Circuit has recognized that, "[u]nder *Pioneer*, the central inquiry is whether the *debtor* will be prejudiced." *Eagle Bus Mfg., Inc. v. Rogers (In re Eagle Bus Mfg.)*, 62 F.3d 730, 737 (5th Cir. 1995) (finding no prejudice where the debtor had notice of the claims before negotiating and confirming its reorganization plan, and "[t]his is not a situation where the debtor's plan was formulated, negotiated, and confirmed before notice was given of a substantial late claim.").

---

(1) In general.
Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

**MOTION OF TF-HARBOR, LLC, AS ASSIGNEE OF CREDIT UNION LIQUIDITY SERVICES, LLC F/K/A TEXANS COMMERCIAL CAPITAL, LLC FOR LEAVE TO FILE LATE PROOF OF CLAIM - Page 3 of 6**
80988532.1

8. As set forth below, CULS respectfully submits that its failure to file a timely proof of claim meets with the standards propounded by the Supreme Court in *Pioneer* and constitutes "excusable neglect" for purposes of Bankruptcy Rule 9006(b)(1).

A. **There is no danger of prejudice to the Debtor**

9. The Debtor will not suffer any prejudice if the Court grants this Motion. Importantly, the Debtor only recently filed a disclosure statement and proposed plan of reorganization on April 4, 2011. The hearing on the disclosure statement is currently scheduled for June 27, 2011. Accordingly, allowing CULS to file its proof of claim will not disrupt plan negotiations among parties in interest in this case and, because a plan has yet to be confirmed, will not in any way affect distributions in the case.

10. In addition, the Debtor, having knowingly retained the tax payment and having knowledge that CULS was paying for outstanding taxes owed, had implicit notice of the existence of CULS's claim. The Debtor cannot claim any prejudice resulting from CULS's late claim.

B. **The length of the delay will not impact judicial proceedings**

11. The deadline to file proofs of claim in this case was February 7, 2011. Thus, only approximately three months have passed since the deadline and the length of delay has not been significant. Importantly, the Debtor's disclosure statement has not yet been approved. Allowing CULS to file its claim will not effect any delay in the Debtor's plan confirmation, claims allowance process, or bankruptcy case in general.

C. **CULS has acted in good faith**

12. There is no question of CULS's good faith in this case. CULS did not purposefully ignore the bar date, nor does it intend to cause confusion or delay in the Debtor's case or claims allowance process. Rather, upon learning of the existence of its claim against the

Debtor, CULS has worked diligently and without delay to bring this Motion to request permission to file its claim.

D. **The delay was caused by circumstances outside of CULS's control**

13. CULS's delay was not caused by any circumstance within in its control. Rather, CULS only recently learned that the Debtor improperly deposited and retained funds that should have been paid to taxing authorities – an action that resulted in CULS having to make such tax payments itself in connection with the foreclosure. Because CULS did not previously know of the Debtor's actions, CULS was unaware that a claim existed against the Debtor for such payments until now.

WHEREFORE, CULS requests that this Court enter an order granting CULS leave to file its proof of claim and granting such other and further relief as may be just and proper at law or in equity.

Dated May 17, 2011                                  Respectfully submitted,

                                                    FULBRIGHT & JAWORSKI L.L.P.

                                                    By: */s/ John N. Schwartz*
                                                    Toby L. Gerber (SBT 07813700)
                                                    Theodore W. Daniel (SBT 05362400)
                                                    John N. Schwartz (SBT 00797397)
                                                    Ryan E. Manns (SBT 24041391)
                                                    Fulbright & Jaworski L.L.P.
                                                    2200 Ross Ave., Ste. 2800
                                                    Dallas, Texas 75201
                                                    Telephone: (214) 855-8000
                                                    Facsimile: (214) 855-8200

                                                    COUNSEL FOR TF-HARBOR, LLC, AS ASSIGNEE OF
                                                    CREDIT UNION LIQUIDITY SERVICES, LLC F/K/A
                                                    TEXANS COMMERCIAL CAPITAL, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on May 17, 2011, a true and correct copy of this document has been served via this Court's ECF system and via regular mail on those individuals listed on the attached service list.

*/s/ John N. Schwartz*
John N. Schwartz

## CERTIFICATE OF CONFERENCE

I hereby certify that, on April 26, 2011, I e-mailed Paul Keiffer regarding the relief requested herein. The Debtor has not yet determined whether it will oppose this Motion.

*/s/ John N. Schwartz*
John N. Schwartz