

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Harlin DeWayne Hale*

**United States Bankruptcy Judge**

**Signed August 01, 2011**

---

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WHITTLE DEVELOPMENT INC., et al | § | Jointly Administered Under |
| | § | Case No. 10-37084-HDH-11 |
| Debtors. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF
<u>AMENDED JOINT PLAN OF REORGANIZATION, AS MODIFIED</u>**

Came on to be considered this 29th day of July, 2011, the confirmation hearing with regard to the *Amended Joint Plan of Reorganization* [Docket No. 226], filed by Whittle Development, Inc. ("**WDI**") and Mariah Bay Development, Inc. ("**MBD**" and with WDI, the "**Debtors**") on June 24, 2011, as modified by the *ERRATA to Amended Joint Plan of Reorganization* [Docket No. 230] filed on June 29, 2011, and the *Modifications to Debtors' Amended Joint Plan of Reorganization* [Docket No. 257] filed on July 28, 2011 (the "Plan Modifications"), and approved by this Court by separate order such that the Amended Plan of

Reorganization includes and incorporates the Plan Modifications (collectively the "Final Joint Plan" (which is filed as **Docket No. 267**) (the Final Joint Plan also incorporates the language added by the confirmation order and contains correction of some minor typographical errors). The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014 in support of the Confirmation of the Final Joint Plan. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1.  **Due and Sufficient Notice**.  Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2.  **Plan Compliance - Bankruptcy Code Section 1129(a)(1)**.  The Final Joint Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3.  **Proponent Compliance - Bankruptcy Code Section 1129(a)(2)**.  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

4.  **Good Faith - Bankruptcy Code Section 1129(a)(3)**.  The Final Joint Plan has been proposed in good faith under Section 1129(a)(3) by the Debtors and not by any means forbidden by law and the Debtors are entitled to the protections of Section 1125(e).

5.  **Payments - Bankruptcy Code Section 1129(a)(4)**.  Payments made or to be made by the Debtors for services or for costs and expenses in or in connection with the Final Joint Plan or case have been approved by or are subject to the approval of this Court.

6.  **Disclosures - Bankruptcy Code Section 1129(a)(5)**.  The Debtors have disclosed identities and affiliations of all persons to act hereinafter as officers or directors of the Debtors.

7.  **No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)**.  No governmentally regulated rates are involved in these cases.

8. **Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)**. With respect to the impaired classes of claims or interests, all holders of a claim or interest of such classes has accepted the Final Joint Plan or will receive or retain under the Final joint Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. **Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)**. The classes have voted to accept or reject the plan as follows:

*WDI*

a. Classes 1, 3, 4, 8, 9, 10, 12, 14, 15, and 16 are impaired and have voted to accept the Final Joint Plan.

b. Classes 2 and 6 are impaired and have voted to reject the Final Joint Plan.

c. Class 17 is impaired and is deemed to reject the Final Joint Plan

*MBD*

a. Classes 1, 4, 5, 7, 10, 11, 12 and 13 are impaired and have voted to accept the Final Joint Plan.

b. Classes 2, 3 and 8 are impaired and have voted to reject the Final Joint Plan.

c. Class 14 is impaired and is deemed to reject the Final Joint Plan.

10. **Priority Claims - Bankruptcy Code Section 1129(a)(9)**. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as per the agreed to provisions of the Final Joint Plan.

11. **Class Acceptance - Bankruptcy Code Section 1129(a)(10)**. At least one class of claims for each of the Debtors that is impaired under the Final Joint Plan has accepted the Final Joint Plan, determined without including any acceptance of the Final Joint Plan by any insider.

12. **Feasibility - Bankruptcy Code Section 1129(a)(11)**. The Final Joint Plan is feasible and confirmation of the Final Joint Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtors except where liquidation is required by the Final Joint Plan.

13. **Fees - Bankruptcy Code Section 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930 have been paid or the Final Joint Plan provided for the payment of such fees on the Plan Closing Date.

14. **Retiree Benefits - Bankruptcy Code Section 1129(a)(13)**. There are no retiree benefits involved in this case.

15. **Non Applicability - Bankruptcy Code Section 1129(a)(14), (15)**. Neither Section 1129(a)(14) or (15) are applicable to the Debtor.

16. **Transfer of Property - Bankruptcy Code Section 1129(a)(16)**. Any transfer required under the Final Joint Plan meets the requirements of Section 1129(a)(16).

    a. The Debtors have shown that the assumption or rejection of executory contracts and unexpired leases set forth in the Final Joint Plan were made in accordance with the sound exercise of the Debtors' business judgment.

17. **Compromise of Controversy**. The compromises of controversy set forth in section 4.06, 4.07 and 4.08 of the Final Joint Plan are reasonable and meet the applicable standards required by Rule 9019.

## CONCLUSIONS OF LAW

I.    The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

II.    The Final Joint Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

III.    The Debtors have complied with the applicable provisions of the Bankruptcy Code in proposing the Final Joint Plan.

IV.    These findings and conclusions supplement those made by the Court on the record at the conclusion of the confirmation hearing.

# # # End of Order # # #

## FINAL JOINT PLAN FILED AS DOCKET NO. 267

**SUBMITTED BY:**

E. P. Keiffer (SBN 11181700)
Shane A. Lynch (SBN 24065656)
WRIGHT GINSBERG BRUSILOW P.C.
325 N. St. Paul Street, Suite 4150
Dallas, TX 75201
(214) 651-6500
(214) 744-2615 fax
pkeiffer@wgblawfirm.com

ATTORNEYS FOR THE DEBTORS